FILED

February 03, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____
NM
DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **GRISELDA JULIAN-VASQUEZ,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **NO. SA-26-CV-00276-OLG** |
| | § | |
| **WARDEN ROSE THOMPSON,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Griselda Julian-Vasquez's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Dkt. No. 1). Respondents have responded (Dkt. No. 5), and Petitioner has replied (Dkt. No. 6).

The relevant facts in this case are not in dispute. Petitioner is a citizen of Mexico who entered the United States without inspection in 2001. (*See* Dkt. No. 1 ¶¶ 14, 20; Dkt. No. 1-1 at 16; Dkt. No. 5 at 1.) This proceeding turns entirely on whether, as the Board of Immigration Appeals has held, all those aliens who are applicants for admission by virtue of their being present in the United States without having been admitted or paroled are subject to mandatory detention under § 1225(b)(2)(A). *See Matter of Yajure Hurtado*, 29 I&N Dec. 216, 220–21 (BIA 2025). If not, Petitioner would be subject only to discretionary detention under 8 U.S.C. § 1226(a) and, thus, entitled to a bond hearing before an immigration judge. (*See* Dkt. No. 1 ¶¶ 27–34, 51–52; Dkt. No. 5 at 3–4.)

Having already resolved this question against Respondents' position in other habeas cases, the Court required Respondents to consider its prior orders and identify in their response any material differences between the facts of this case and the facts presented in those cases. (Dkt. No. 2.) On February 2, 2026, Respondents filed an abbreviated response, advising that "the

common question of law between this case and those rulings would control the result in this case

should this Court follow its legal reasoning in its prior decisions." (Dkt. No. 5 at 1–2.) As such,

the Court will grant the Petition and order that Petitioner be given a bond hearing or released within

14 days.[1] *See Rahimi v. Thompson*, No. SA-25-CV-1338-OLG, Dkt. No. 13 (W.D. Tex. Dec. 4,

2025); *Perez-Puerta v. Johnson*, No. SA-25-CV-1476-OLG, Dkt. No. 13 (W.D. Tex. Dec. 15,

2025); *see also Mendoza Euceda v. Noem*, No. SA-25-CV-1234-OLG, Dkt. No. 16 (W.D. Tex.

Nov. 17, 2025); *Moradi v. Thompson*, No. SA-25-CV-1470-OLG, Dkt. No. 11 (W.D. Tex. Dec. 18,

2025).

Petitioner Griselda Julian-Vasquez's Petition for Writ of Habeas Corpus (Dkt. No. 1) is

therefore **GRANTED** in that Respondents must provide Petitioner with a bond hearing pursuant

to § 1226(a) **within 14 days** from the date below, or release her. Respondents must file an advisory

as to the status of Petitioner's bond hearing, if any, **no later than 21 days** from the date below.

This case is **CLOSED**.

It is so **ORDERED**.

SIGNED on February ___3___, 2026.

_____
ORLANDO L. GARCIA
United States District Judge

---

[1] The Court recognizes Petitioner's concern regarding the adequacy of the bond-hearing process at present. (*See* Dkt. No. 6.) However, the legal claim on the basis of which she seeks a writ of habeas corpus is that she is actually subject to detention under 8 U.S.C. § 1226(a)—not § 1225. But the process she is due under § 1226(a)—which also provides for detention during removal proceedings—is a bond hearing by an immigration judge to reconsider the Attorney General's discretionary custody decision. *See also* 8 C.F.R. § 236.1(c)(3). Accordingly, the relief the Court grants herein is precisely the process to which Petitioner is entitled under the INA.

2